TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-000657-KB

KENTUCKY BAR ASSOCIATION

V.                                        IN SUPREME COURT

JASON NICHOLAS MARTIN                                        RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) petitions this Court to indefinitely suspend Jason Nicholas Martin from the practice of law pursuant to Supreme Court Rule (SCR) 3.380(2) for violating SCR 3.164 by failing to answer a KBA charge.[1] After review of the record, we hereby indefinitely suspend Martin pursuant to SCR 3.380(2).

## BACKGROUND

Marquita Thompson hired Martin to represent her as the executrix of her brother's Estate. She was appointed on April 17, 2014. In May 2015 Martin told Thompson the Estate was settled and she could disburse the money pursuant to the terms of her brother's will, which she did. She also paid Martin $3,700, which he told her would cover his work filing the Estate settlement paperwork with the court.

---

[1] Martin's KBA number is 88728 and his bar roster address is PO Box 162, Bryantsville, Kentucky 40410.

Martin failed to inform Thompson that there would be estate taxes due. She did not know about the taxes until May 1, 2017 when she received a letter from the Commonwealth of Kentucky informing her that the Estate's tax return was due in October 2015 and that it owed $51,151.22 in taxes and penalties. When she called to ask why she was just now hearing about the estate taxes she was told that two letters were sent to Martin without response.

Thompson called the courthouse and learned that the Estate had not been settled. Rather, Martin had requested and received numerous extensions for filing the settlement. When she confronted Martin with this information he told her that filing for extensions was normal in estate cases. Martin continued to request extensions for another few months, which the court granted. Thompson received a second tax bill in the mail on August 4, 2017 that charged additional late penalties for a total charge of $58,526.11.

Martin wrote a letter asking that the penalties and fees be waived, stating that Thompson should not be blamed. He claimed he never received any letter indicating the tax bill had been calculated or was past due, blaming the mail carriers. He also said, "any fault that the Department of Revenue may find with the Estate in not filing the inheritance taxes on time and paying on time would rest with me, due to my relative inexperience with this process and some unique difficulties in dealing with the issues arising out of the special circumstances of this Estate." Martin's explanation was apparently accepted, and the tax issues were resolved with payment of $610.

Martin again told Thompson the case was settled but on January 25, 2018 she received a show cause letter ordering her to appear in court on February 1st because no settlement had been filed. When she called Martin, he said he only needed her signature to complete the settlement paperwork. He did not offer a reason for why he had not contacted her about it. The final settlement was submitted February 21, 2018 and approved on February 26, 2018.

The Inquiry Commission issued a Charge for violations of SCR 3.130(1.1) for failure to provide competent representation, SCR 3.130(1.3) for lack of diligence and SCR 3.130(8.1)(b) for failure to respond to a lawful demand for information from a disciplinary authority. He was served with the Charge via certified mail on September 11, 2019 and was previously served with Thompson's bar complaint on February 12, 2018. No answer was filed.

Martin has failed to respond to the charge in the present case, warranting indefinite suspension under SCR 3.380(2).

For the foregoing reasons, it is hereby ORDERED:

1. Pursuant to SCR 3.380(2), Jason Nicholas Martin is hereby indefinitely suspended from the practice of law in the Commonwealth of Kentucky;

2. As required by SCR 3.390 Martin must, if he has not already done so, within ten (10) days after issuance of this order of indefinite suspension from the practice of law notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all

3

clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Martin must simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Martin must immediately cancel any pending advertisements, to the extent possible, and must terminate any advertising activity for the duration of the term of suspension;

3. Martin is instructed to promptly take all reasonable steps to protect the interests of his clients. He must not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130(7.50)(5).

All sitting. All concur.

ENTERED: March 26, 2020.

_____
CHIEF JUSTICE

4